IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GLOBALFOUNDRIES U.S. INC.,

Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

Defendant.

Special Pro. No.: 1:24-cv-490

[Case No. 7:23-cv-03348-KMK-
AEK Pending in the Southern
District of New York]

**MEMORANDUM IN
SUPPORT OF MOTION**

# **TABLE OF CONTENTS**

Page

MEMORANDUM IN SUPPORT OF MOTION ......................................................1

I.     INTRODUCTION .............................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ....................................2

III.   LEGAL STANDARD ......................................................................................5

     A.    Geographical Limits for Subpoenas .....................................................5

     B.    Undue Burden........................................................................................6

IV.   ARGUMENT....................................................................................................6

     A.    The Subpoena Violates the 100-Mile Limit.........................................6

     B.    The Subpoena Is Unduly Burdensome and Improper Third-Party Discovery................................................................................................8

             1.    GlobalFoundries May Not Hold Rapidus and Mr. Ishimaru to Broader Discovery Obligations Than the Parties to the Litigation. .......................................................9

             2.    GlobalFoundries Has Not Established That Mr. Ishimaru Possesses Unique, Non-Repetitive, First-Hand Knowledge of the Fact at Issue in the Litigation. ........................................................................................11

             3.    GlobalFoundries Must First Exhaust Other Less Intrusive Methods of Discovery.........................................13

             4.    The Undue Burden Due to Overseas Travel and Mr. Ishimaru's Status as a Foreign Non-Party Outweigh the Potential Utility of His Testimony. ...............................16

V.     CONCLUSION...............................................................................................18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Tex. v. Apple, Inc.*,
2011 WL 1753982 (N.D. Cal. May 9, 2011 ................................................12, 15

*AirWair Int'l v. Zoetop Bus. Co., Ltd.*,
20-cv-07696-SI (RMI), 2021 WL 6091263 (N.D. Cal. Dec. 23,
2021) ................................................................................................................13

*AngioScore, Inc. v. TriReme Med., Inc.*,
No. 12 CV 3393, 2014 WL 6706873 (N.D. Cal. Nov. 25, 2014)....................5, 8

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
282 F.R.D. 259 (N.D. Cal. 2012)................................................................11, 12

*Arminak v. Arminak & Assocs.*,
2017 WL 10402987 (C.D. Cal. Mar. 30, 2017)................................................17

*Bostian v. Suhor Indus. Inc.*,
No. 07CV151-GFK-FHM, 2007 WL 3005177 (N.D. Okla. Oct. 12,
2007) ..................................................................................................................7

*Celerity, Inc. v. Ultra Clean Holding, Inc.*,
2007 WL 205067 (N.D. Cal. Jan. 25, 2007)................................................12, 15

*Convolve, Inc. v. Dell, Inc.*,
2011 WL 1766486 (N.D. Cal. May 9, 2011)....................................................10

*Dart Indus. Co. v. Westwood Chem. Co.*,
649 F.2d 646 (9th Cir. 1980) ..............................................................................8

*Elec. Scripting Prods. v. HTC Am. Inc.*,
17-cv-05806-RS (RMI), 2021 WL 3773607 (N.D. Cal. Aug. 25,
2021) ................................................................................................................13

*GlobalFoundries U.S. Inc. v. Int'l Bus. Machs. Corp.*,
Civil Action No. 7:23-cv-03348-KMK-AEK (S.D.N.Y.) ..........................*passim*

*GlobalFoundries U.S. Inc. v. Int'l Bus. Machs. Corp.*,
No. 7:24-mc-00292-KMK-AEK (S.D.N.Y.) ........................................................3

*Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*,
123 F. Supp. 3d 1215 (N.D. Cal. 2015) ................................................................6

*Jones v. Wyman*,
2022 WL 16820442 (D. Maine 2022) ..................................................................7

*Moon v. SCP Pool Corp.*,
232 F.R.D. 633 (C.D. Cal. 2005)........................................................................16

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
No. 09-cv-01967 CW (NC), 2012 WL 4846522 (N.D. Cal. Aug. 7,
2012) ..................................................................................................................9

*In re NFL's "Sunday Ticket" Antitrust Litig.*,
2024 WL 3915910 (C.D. Cal. May 15, 2024) ....................................................7

*Nidec Corp. v. Victor Co. of Japan*,
249 F.R.D. 575 (N.D. Cal. 2007)......................................................................14

*Perez v. Progenics Pharms., Inc.*,
No. 10-CV-08278 LAP, 2015 WL 4111551 (S.D.N.Y. June 24,
2015) ..................................................................................................................7

*Regents of the Univ. of Cal. v. Kohne*,
166 F.R.D. 463 (S.D. Cal. 1996) ........................................................................8

*Soc. Ranger, LLC v. Facebook, Inc.*,
2016 WL 11741634 (N.D. Cal. Nov. 4, 2016) ................................................10

*In re Subpoena of DJO, LLC*,
295 F.R.D. 494 (S.D. Cal. 2014) ......................................................................16

*Updateme Inc. v. Axel Springer SE*,
2018 WL 5734670 (N.D. Cal. Oct. 31, 2018) ................................................14

*Watts v. SEC*,
482 F.3d 501 (D.C. Cir. 2007)..........................................................................16

**Other Authorities**

Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2204 (3d ed.)..................................13

Consular Convention & Protocol, Mar. 22, 1963, U.S. – Japan, art. 17 .................17

Fed. R. Civ. P. 26 ...........................................................................................6, 9

Fed. R. Civ. P. 26(b)(2)(C)(i) ...............................................................................6

Fed. R. Civ. P. 26(c)..................................................................................*passim*

Fed. R. Civ. P. 26(c)(1) .........................................................................................6

Fed. R. Civ. P. 34 .............................................................................................6, 13

Fed. R. Civ. P. 45 ....................................................................................*passim*

Fed. R. Civ. P. 45(c)..................................................................................2, 5, 8

Fed. R. Civ. P. 45(c)(1)(A) .......................................................................*passim*

Fed. R. Civ. P. 45(d)(1)..........................................................................................6

Fed. R. Civ. P. 45(d)(3)(A)(ii) .........................................................................1, 5, 8

Fed. R. Civ. P. 45(d)(3)(A)(iv) ...............................................................................6

9 Moore's Federal Practice - Civil § 45.51 (2022) ..................................................5

U.S. Department of State – Bureau of Consular Affairs, Japan Judicial
     Assistance Information, https://travel.state.gov/content/travel/
     en/legal/Judicial-Assistance-Country-Information/Japan.html .........................18

## MEMORANDUM IN SUPPORT OF MOTION

By this motion, and for the reasons set forth below, non-party Kazunari Ishimaru appears specially to move the Court pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(ii) to quash the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena," Padmanabhan Decl., Ex. 1) dated October 30, 2024 issued by GlobalFoundries U.S., Inc. ("GlobalFoundries"), and to further move the Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c).

## I.   INTRODUCTION

The Subpoena purports to be issued from the United Stated District Court for the Southern District of New York and demands compliance at 1001 Bishop Street, Suite 2460, Honolulu, HI 96813, which is within this judicial district. According to the caption of the subpoena, the underlying dispute is *GlobalFoundries U.S. Inc. v. International Business Machines Corp.*, Civil Action No. 7:23-cv-03348-KMK-AEK (S.D.N.Y.) (the "Litigation"), to which Mr. Ishimaru is not a party. Mr. Ishimaru does not reside, is not employed, and does not regularly transact business within 100 miles of the location where compliance is demanded.

Upon service of Mr. Ishimaru in Hawaii during a conference on November 4, 2024, counsel for Rapidus Corporation ("Rapidus"), Mr. Ishimaru's employer, contacted counsel for GlobalFoundries, explained the Subpoena's deficiency, and requested it be withdrawn. Global Foundries, however, refused, and Mr. Ishimaru is

1

now forced to move the Court pursuant to 45(d)(3)(A)(ii) to quash the Subpoena based on its requirement that Mr. Ishimaru comply beyond the geographical limits specified in Rule 45(c).

In addition, to the extent this Court does not quash the subpoena, Mr. Ishimaru moves for a protective order from being deposed in the Litigation pursuant to Federal Rule of Civil Procedure 26(c) on the basis that the Subpoena poses an undue burden on Mr. Ishimaru as an apex witness of non-party Rapidus.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

GlobalFoundries sued International Business Machines Corp. ("IBM") on April 23, 2023 for misappropriation of trade secrets in the United States District Court for the Southern District of New York. Padmanabhan Decl., Ex. 2. GlobalFoundries alleges that IBM disclosed GlobalFoundries' trade secrets related to the development of next-generation semiconductor technology to IBM's customers, including at least Rapidus. Padmanabhan Decl., Ex. 2, ¶¶ 2-12. Rapidus Corporation is a Japanese corporation headquartered in Japan. Kazunari Ishimaru is the Senior Managing Executive Officer of the Silicon Technology Division of Rapidus. Ishimaru Decl. ¶ 2. Mr. Ishimaru resides and is employed in Japan. Ishimaru Decl. ¶ 3.

GlobalFoundries served Rapidus US, LLC (a U.S.-based subsidiary of Rapidus Corporation) with a subpoena *duces tecum* on January 16, 2024 requesting

2

the production of documents of its Japanese parent, Rapidus Corporation, related to the purported disclosure of trade secret information from IBM to Rapidus. Padmanabhan Decl., Ex. 3. Rapidus objected to the subpoena on the grounds that it violated the U.S.-Japan Bilateral Consular Convention of 1963 insofar as it sought documents from Rapidus Corporation as a Japanese company, and on other grounds including, *inter alia*, that its requests were overbroad, posed undue burden, and sought information better obtained via party discovery. Padmanabhan Decl., Ex. 4 at 1-2.  GlobalFoundries filed a motion to compel Rapidus to produce documents responsive to the subpoena (filed with case caption *GlobalFoundries U.S. Inc. v. International Business Machines Corp.*, No. 7:24-mc-00292-KMK-AEK (S.D.N.Y.)), which has been fully briefed and remains pending with the Southern District of New York court.  Padmanabhan Decl., Exs. 5-7.

Discovery in the Litigation does not currently have a set end date; the Revised Scheduling Order in the Litigation states that "all fact discovery is to be completed no later than . . . four (4) months form the date of Magistrate Judge Kraus's order on the parties' outstanding Requests for Production ("RFP"), submitted on February 2, 2024 (ECF No. 260)." Padmanabhan Decl., Ex. 8 at 1. That discovery dispute remains pending with court as of the date of the filing of this motion. The Revised Scheduling Order further states that "depositions are not to be held until all parties have responded to initial request for document production." Padmanabhan Decl., Ex.

8 at 4. Accordingly, because the parties' dispute regarding outstanding RFPs is pending, the parties to the actual Litigation have conducted ***no depositions*** of party fact witnesses thus far in the case. Padmanabhan Decl., ¶ 12. And the Revised Scheduling Order only permits "non-party depositions . . . after completion of some, but not all, party depositions." Padmanabhan Decl., Ex. 8 at 4.

On November 4, 2024 GlobalFoundries served the Subpoena on Mr. Ishimaru while he attended the "International Trade Partners Conference," a conference held in Oahu, Hawaii by Semi™, a semiconductor industry association. Ishimaru Decl., ¶¶ 4-5. Mr. Ishimaru attended the conference from November 3, 2024 – November 7, 2024. Ishimaru Decl., ¶ 4. The Subpoena demands that Mr. Ishimaru sit for deposition on November 20, 2024 at the offices of Ralph Rosenberg Court Reports, Inc., located at 1001 Bishop Street, Suite 2460, Honolulu, HI 96813. Padmanabhan Decl., Ex. 1 at 1. Counsel for Rapidus and Mr. Ishimaru emailed counsel for GlobalFoundries on November 8, 2024 informing it that the Subpoena was ineffective for failing to comply with the geographical limits set forth in Rule 45, which requires compliance withing 100 miles of where Mr. Ishimaru "resides, is employed, or *regularly transacts business in person*." Fed. R. Civ. P. 45(c)(1)(A) (emphasis added); Padmanabhan Decl., Ex. 9 at 2-3. Accordingly, Rapidus and Mr. Ishimaru requested that GlobalFoundries withdraw the Subpoena.

Counsel for GlobalFoundries responded November 12, 2024 refusing to withdraw the Subpoena and taking the position that the Subpoena was not ineffective under Rule 45 because Mr. Ishimaru was purportedly "transacting business when he was served with the subpoena." Padmanabhan Decl., Ex. 9 at 1-2.

## III.    LEGAL STANDARD

### A.    Geographical Limits for Subpoenas

Fed. R. Civ. P. 45(c) defines the place of compliance for subpoenas and the geographical scope of a federal court's power to compel a nonparty witness to appear for deposition. A person can be commanded to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). In addition, "[o]n timely motion, the court for the district where compliance is required <u>must</u> quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added); *see also AngioScore, Inc. v. TriReme Med., Inc.*, No. 12 CV 3393, 2014 WL 6706873, at *1, n.1 (N.D. Cal. Nov. 25, 2014).

"Although Rule 45 does not state with what regularity a person must transact business in a certain location to amount to a place where one regularly transacts business, infrequent visits do not qualify as regular transaction of business within the meaning of Rule 45(c)(1)(A)." 9 Moore's Federal Practice - Civil § 45.51 (2022).

**B.      Undue Burden**

A party serving a Rule 45 subpoena "must take reasonable steps to avoid imposing undue burden or expense on a party subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court "<u>must</u> quash or modify a subpoena that [] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added). Fed. R. Civ. P. 26(c)(1) also provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by prohibiting a deposition. Fed. R. Civ. P. 26(c). Rule 26 further requires that the Court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015) (citing Fed. R. Civ. P. 45(d)(1) and Fed. R. Civ. P. 26(b)(2)(C)(i)); *see* also Fed. R. Civ. P. 45 advisory committee note to 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").

**IV.    ARGUMENT**

**A.      The Subpoena Violates the 100-Mile Limit.**

Mr. Ishimaru does not reside, is not employed, and does not regularly transact business within 100 miles of the compliance location (Honolulu, HI) as required for compliance with Rule 45(c)(1)(A). Ishimaru Decl., at ¶¶ 3, 6.  Mr. Ishimaru's

6

attendance at the ITPC 2024 conference in Oahu, Hawaii does not alone establish that he "regularly transacts business" in person in Hawaii in accordance with the geographical limits set forth in Rule 45. Mr. Ishimaru has traveled to Hawaii only one other time in the last five years to attend a different conference, the IEEE Symposium on VLSI Technology & Circuits in 2022. Ishimaru Decl., ¶ 6. Attendance at such events held annually is, by definition, too sparse to constitute "regularly transacting business." *See, e.g.*, *In re NFL's "Sunday Ticket" Antitrust Litig.*, 2024 WL 3915910 at *3 (C.D. Cal. May 15, 2024) (holding that biannual in-person business trips to Los Angeles were insufficient to qualify as regularly transacting business in Los Angeles) (citing *Bostian v. Suhor Indus. Inc.*, No. 07CV151-GFK-FHM, 2007 WL 3005177, at *1 (N.D. Okla. Oct. 12, 2007) (twice yearly business visits "are not frequent enough to be considered regularly transacting business"); *Perez v. Progenics Pharms., Inc.*, No. 10-CV-08278 LAP, 2015 WL 4111551, at *2 (S.D.N.Y. June 24, 2015) (being "periodically physically present" within 100 miles of court for quarterly board meetings "do[es] not appear to fit within the meaning of Rule 45(c)(1)(A)"); *Jones v. Wyman*, 2022 WL 16820442, at *4 (D. Maine 2022) (holding two sets of quarterly board meetings in the relevant area, totaling eight meetings per year was insufficient).

GlobalFoundries' position that service of the Subpoena on Mr. Ishimaru was effective because "the place of compliance is within 100 miles of where he was

7

transacting business" lacks any merit and ignores the plain language of Rule 45. The

relevant inquiry is whether Mr. Ishimaru "*regularly* transacts business in person" in

Hawaii, not whether he was transacting business in Hawaii when he was served with

the subpoena. Fed. R. Civ. P. 45(c)(1)(A). Indeed, the inquiry into whether an

individual "regularly transacts business in person" within the meaning of Rule 45(c)

is different than the minimum contacts analysis for personal jurisdiction. *See Regents

of the Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996).

Accordingly, because the subpoena violates the 100-mile limit, it is "invalid

on its face" and <u>must</u> be quashed under Rule 45(d)(3)(A)(ii). *AngioScore, Inc. v.

TriReme Med., Inc.*, No. 12 CV 3393, 2014 WL 6706873, at *1, n.1 (N.D. Cal. Nov.

25, 2014).

### B. The Subpoena Is Unduly Burdensome and Improper Third-Party Discovery

To the extent that the Court does not quash the Subpoena under Rule

45(d)(3)(A)(ii), Mr. Ishimaru further moves for protective order under Rule 26(c)

because the Subpoena is unduly burdensome on Mr. Ishimaru, and because Mr.

Ishimaru is an apex witness of non-party Rapidus. "While discovery is a valuable

right and should not be unnecessarily restricted . . . , the 'necessary' restriction may

be broader when a nonparty is the target of discovery." *Dart Indus. Co. v. Westwood

Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). "[T]he word 'non-party' serves as a

constant reminder of the reasons for the limitations that characterize 'third-party'

discovery." *Id.*; *see also In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

Here, GlobalFoundries has violated its Rule 26 obligations to avoid imposing undue burden on Mr. Ishimaru, an apex witness of non-party Rapidus, because: (1) GlobalFoundries is holding Mr. Ishimaru and Rapidus to broader discovery obligations than the parties to the Litigation; (2) GlobalFoundries has not established a sufficient record that Mr. Ishimaru possesses unique, first-hand knowledge of the facts at issue in the Litigation; (3) GlobalFoundries has not exhausted other avenues of discovery before noticing Mr. Ishimaru for deposition; and (4) the undue burden due to overseas travel and Mr. Ishimaru's status as a foreign non-party outweigh the utility of the potential testimony.

### 1. GlobalFoundries May Not Hold Rapidus and Mr. Ishimaru to Broader Discovery Obligations Than the Parties to the Litigation.

As a preliminary matter, Mr. Ishimaru, as a non-party, cannot be subject to broader discovery obligations than the parties in the case. Here, the parties to the litigation—GF and IBM—have explicitly declined to make their own apex witnesses available for deposition. Padmanabhan Decl., Ex. 10 (providing statement by IBM's counsel that the parties have both not included apex witnesses on their initial

9

disclosures). Rapidus, as a non-party, should not be required to make high-ranking personnel, such as Mr. Ishimaru, available for deposition when the parties to the underlying Litigation refuse to impose that burden on their own apex witnesses. Discovery standards for third parties to an action, such as Rapidus and Mr. Ishimaru here, are more restrictive than for party witnesses. The basic tenet holds that "non-parties should not be burdened in discovery to the same extent as the litigants themselves," and "[r]equests to non-parties should be narrowly drawn to meet specific needs for information." *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011); *see also Soc. Ranger, LLC v. Facebook, Inc.*, 2016 WL 11741634, at *2 (N.D. Cal. Nov. 4, 2016) ("[W]hen a subpoena seeks information that is not relevant, or otherwise not properly discoverable, then the burden it imposes, however slight, is necessarily undue: why require a party to produce information the requesting party has no right to obtain?").

In addition, the Revised Scheduling Order in the Litigation makes clear that "depositions are not to be held until the parties have responded to initial requests for document production," and any third-party depositions can only take place after party depositions have commenced. Padmanabhan Decl., Ex. 8 at 4. The parties have not yet taken any party depositions, and have not provided any such indication that they intend to take depositions in the near-term. Padmanabhan Decl., ¶12. Rather, the parties currently have outstanding discovery disputes pending with Southern

10

District of New York court regarding the parties' requests for documents. Padmanabhan Decl., Ex. 8 at 4. As a result, the parties have yet to take any party depositions, let alone third-party depositions, which the Court has said cannot proceed until party depositions have commenced. Thus, allowing GlobalFoundries to depose Mr. Ishimaru as a non-party on November 20 will pose a severe undue burden and will be in direct contravention of the Court's Revised Scheduling Order.

For this reason alone, the Court should grant Mr. Ishimaru a protective order from being deposed in the case at least until: (1) the parties' discovery disputes have been resolved; and (2) the parties conduct at least some party depositions.

> **2.** **GlobalFoundries Has Not Established That Mr. Ishimaru Possesses Unique, Non-Repetitive, First-Hand Knowledge of the Fact at Issue in the Litigation.**

Notwithstanding the undue burden posed on a non-party, Mr. Ishimaru is an apex witness. Mr. Ishimaru sits atop Rapidus' corporate pyramid as its Senior Managing Executive Office of the Silicon Technology Division. Ishimaru Decl., ¶ 2. Courts in this district recognize that that the ability to serve deposition notices on high-level corporate executives present "tremendous potential for abuse or harassment" that may require the court's intervention for the witness's protection under Rule 26(c). *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks omitted). Where a high-level decision maker "removed from the daily subjects of the litigation" has no unique personal

knowledge of the facts at issue, a deposition of the official is improper. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). Accordingly, this Court has discretion to limit discovery where what is sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Apple*, 282 F.R.D. at 263.

"In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* at 263. An essential component of the standard for an apex deposition is the requirement of "unique personal knowledge by the high corporate official, unavailable from less intrusive discovery, including interrogatories and the depositions of lower-level employees." *Celerity*, 2007 WL 205067, at *4.

Accordingly, GlobalFoundries is required to establish that Mr. Ishimaru has unique, non-repetitive, first-hand personal knowledge of the facts at issue in the Litigation before taking his deposition. *Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at *6 (N.D. Cal. May 9, 2011) ("[P]arties seeking to depose a high ranking corporate officer must first establish that the executive has unique, non-repetitive, firsthand knowledge of the facts at issue in the case," for example by other discovery methods such as interrogatories and depositions of lower-level employees).

12

GlobalFoundries has failed to establish any such knowledge. In the present case, the allegations in the underlying Litigation involve IBM's alleged passing of trade secret information to Rapidus. GlobalFoundries can, and should, take depositions of IBM personnel to establish the requisite facts justifying a deposition of a non-party apex witness, such as Mr. Ishimaru, before serving any such notice. But GlobalFoundries has not yet even taken any party depositions.

### 3. GlobalFoundries Must First Exhaust Other Less Intrusive Methods of Discovery.

GlobalFoundries must be required to exhaust other, less intrusive methods of discovery, including through party discovery, as well as the document requests Rapidus has already objected to, and which have not yet been resolved by in the S.D.N.Y., before taking Mr. Ishimaru's deposition. First, it is well-settled that a subpoena is unnecessary, and should be quashed, if the documents and information sought from a *non-party* can be obtained through *party* discovery. *See*, *e.g*., Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2204 (3d ed.) ("Ordinarily, it is thought preferable that documents should be sought from a party using Rule 34 rather than from a nonparty."). "[A]ny party seeking third-party discovery must be able to explain not only why that discovery is relevant and proportional, but also why it could not be obtained from a party to the litigation." *AirWair Int'l v. Zoetop Bus. Co., Ltd.*, 20-cv-07696-SI (RMI), 2021 WL 6091263, at *2 (N.D. Cal. Dec. 23, 2021); *Elec. Scripting Prods. v. HTC Am. Inc.*, 17-cv-05806-RS (RMI), 2021 WL

13

3773607, at *9 (N.D. Cal. Aug. 25, 2021) (quashing subpoena where "each and every piece of information sought by ESPI's third-party subpoena is either irrelevant to this action, or constitutes information that should have been more properly sought from Defendant HTC rather than a non-party"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

In the same vein, courts have granted motions for a protective order from a deposition subpoena where the noticing party failed to show that the discovery could not be obtained from party witnesses. *See, e.g.*, *Updateme Inc. v. Axel Springer SE*, 2018 WL 5734670, at *4 (N.D. Cal. Oct. 31, 2018) (granting motion to quash subpoena to senior executive of third-party Google because "[a]ll of these are topics that the defendants can obtain discovery on from [plaintiff and its party witnesses], and a deposition of [the third-party] on these same topics (absent some showing of why the defendants' deposition of [the 30(b)(6) deponent] was inadequate) is duplicative and subject to quash.").

Thus, GlobalFoundries must be able to explain why the discovery it seeks from Mr. Ishimaru is relevant and proportional, and why it could not be obtained from IBM as a party to the litigation.

Second, Rapidus still has pending objections to GlobalFoundries document subpoena, and that dispute must be resolved before Mr. Ishimaru's deposition may

14

be taken. Courts regularly require interrogatories, requests for admission, and depositions of lower-level employees before allowing the deposition of an apex witness. *Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at *6 (N.D. Cal. May 9, 2011). For example, in *Celerity*, the defendants asserted that plaintiff's corporate officers possessed personal knowledge regarding the chain of title to the asserted patents, the decision to acquire certain intellectual property, and the valuation of plaintiff's intellectual property. 2007 WL 205067 at *4. While the court found that the acquisition of the intellectual property was a "legitimate" area of inquiry, it nevertheless granted the plaintiff's motion for a protective order because the defendants failed to show those executives possessed "unique personal knowledge . . . unavailable from less intrusive discovery, including interrogatories and the depositions of lower-level employees." *Id.*

GlobalFoundries has never been able to articulate any relevant discovery that is available from Rapidus, let alone Rapidus' senior most personnel like Mr. Ishimaru, rather than from IBM, which is a party to the action. Because GlobalFoundries has not demonstrated that the discovery it seeks from Mr. Ishimaru is unavailable from less intrusive discovery, the Court should grant a protective order to prevent Mr. Ishimaru's apex deposition.

### 4. The Undue Burden Due to Overseas Travel and Mr. Ishimaru's Status as a Foreign Non-Party Outweigh the Potential Utility of His Testimony.

Should the Court determine Mr. Ishimaru should not be protected from deposition under the apex doctrine, the Subpoena still presents an undue burden that outweighs the potential utility of his testimony in the Litigation. "In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party." *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (internal citations and quotations omitted); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("Moreover, these requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA.").

Potential hardship concerns increase in the context of third-party discovery, where courts are generally more willing to recognize the burdens that one side seeks to impose on a third party not actively engaged in the litigation process. *See, e.g.*, *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (Rule 45's "undue burden" standard requires district courts to be sensitive to the discovery costs imposed on third parties).

Here, the potential value of Mr. Ishimaru's testimony is insignificant because GlobalFoundries could much more easily and inexpensively obtain whatever

testimony it seeks to elicit from IBM rather than from Mr. Ishimaru. As noted above, Rapidus has objected to GlobalFoundries' requests for documents regarding information purportedly provided by IBM to Rapidus because, *inter alia*, that information would be more easily and inexpensively obtained from IBM—a party to the litigation. Padmanabhan Decl., Ex. 4 at 3-4. The same is true for Mr. Ishimaru here.

In addition, courts may factor in a party's foreign status in weighing the cost and inconvenience of the deposition against the utility of the testimony to the case. *Arminak v. Arminak & Assocs.*, 2017 WL 10402987, at *6 (C.D. Cal. Mar. 30, 2017) (granting a motion to quash for a subpoenaed overseas non-apex third-party witness that had limited information relevant to the allegations in the action, and thus the deposition would be "unduly burdensome and harassing, particularly in light of her third-party status and overseas residency."). For example, in *Arminak*, the Court determined the plaintiff had "not shown that the cost and inconvenience of obtaining that testimony would not be grossly disproportionate to its utility to their case." *Id.*

Mr. Ishimaru is a Japanese citizen who resides and is employed in Tokyo, Japan. Ishimaru Decl., ¶ 3. Forcing Mr. Ishimaru, a non-party, to travel overseas to sit for a deposition in the United States would impose an undue burden significantly outweighing the value of potential testimony to GlobalFoundries. Indeed, the undue burden imposed by the subpoena is underscored by the U.S.-Japan Bilateral

17

Consular Convention of 1963, which does not allow Japanese citizens to be deposed in Japan pursuant to a subpoena issued in the United States. *See* Consular Convention and Protocol, Mar. 22, 1963, U.S. – Japan, art. 17. "Th[e] general reference to the authority of consular officers to take depositions has been interpreted by the Government of Japan ***very strictly***." *See* U.S. Department of State – Bureau of Consular Affairs, Japan Judicial Assistance Information (https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html, last accessed November 15, 2024) (emphasis added). For this additional reason, the Court should grant the protective order.

## V.    CONCLUSION

For the foregoing reasons, non-party Kazunari Ishimaru respectfully requests that the Court grant his motion to quash the Subpoena. To the extent the Court does not grant Mr. Ishimaru's motion to quash the Subpoena, Mr. Ishimaru respectfully requests in the alternative that the Court grant his motion for a protective order.

Dated:        November 15, 2024

By: s/ *Joseph A. Stewart*

JOSEPH A. STEWART
STEPHEN G.K. KANESHIRO
REECE Y. TANAKA
KOBAYASHI SUGITA & GODA,
LLP

Krishnan Padmanabhan (*pro hac vice
pending*)
NY State Bar No. 254220
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
kpadmanabhan@winston.com

*Attorneys for Nonparty Kazunari
Ishimaru*

## <u>CERTIFICATE OF COMPLIANCE WITH LR37.1(a)</u>

This is to certify that counsel has complied with LR37.1(a) and this motion is opposed.  On November 15, 2024, counsel for Mr. Ishimaru conferred by telephone with Corey Calabrese, counsel for GlobalFoundries regarding all disputed issues in the foregoing motion. The parties were unable to come to a resolution.

s/    *Joseph A. Stewart*
Joseph A. Stewart

## <u>CERTIFICATE OF COMPLIANCE WITH LR7.4</u>

This is to certify that foregoing memorandum of law contains 4168 words and accordingly therefore complies with the applicable word and page limit set forth in LR7.4.

s/     *Joseph A. Stewart*
Joseph A. Stewart

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this date, November 15, 2024, a true

and correct copy of the foregoing document was duly served upon the following

parties via Email and U.S. Priority Mail Express, postage prepaid, and addressed as

follows:

CLEMENT J. NAPLES
MAXIMILIAN A. GRANT
JASON C. HEGT
COREY A. CALABRESE
MEREDITH A. CUSICK
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Clement.naples@lw.com
Max.grant@lw.com
Jason.hegt@lw.com
Corey.calabrese@lw.com
Meredith.cusick@lw.com

BRETT M. SANDFORD
BLAKE R. DAVIS
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Brett.sandford@lw.com
Blake.davis@lw.com

SAMI AL-MARZOOG
LATHAM & WATKINS LLP
555 11th Street, NW, Suite 1000
Washington, D.C., 20004
Sami.almarzoog@lw.com

Attorneys for Plaintiff
GlobalFoundries U.S. Inc.

s/    *Joseph A. Stewart*
Joseph A. Stewart
