# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| GLOBALFOUNDRIES U.S. INC., |
| *Plaintiff*, |
| v. |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, |
| *Defendant*. |

Case No. 1:23-cv-3348 (KMK) (AEK)

## NOTICE OF SUBPOENA *DUCES TECUM*

PLEASE TAKE NOTICE that pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Plaintiff GlobalFoundries U.S. Inc. ("GF" or "Plaintiff"), by and through its undersigned counsel, will cause the attached subpoena *duces tecum* to be served on Rapidus US, LLC ("Rapidus"), 257 Fuller Road, Albany, NY, 12203, via its Delaware registered agent, requesting that Rapidus produce to GF, on or before January 31, 2024 at the offices of M-F Reporting, Inc. (Attn: Corey Calabrese), 9 Washington Square, 2nd Floor, Washington Avenue Extension, Albany, NY 12205 at 9:00 AM ET or at any other place mutually agreeable, the material described in the attached **Schedule A** (the "Requests").

Dated: January 16, 2024

Respectfully submitted,

_____

Clement J. Naples
Maximilian A. Grant
Jason C. Hegt
Corey A. Calabrese
LATHAM & WATKINS LLP

1

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:
clement.naples@lw.com
max.grant@lw.com
jason.hegt@lw.com
corey.calabrese@lw.com

Blake R. Davis (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8033
Email: blake.davis@lw.com

Sami Al-Marzoog (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 11th Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: sami.almarzoog@lw.com

*Attorneys for Plaintiff*
*GlobalFoundries U.S. Inc.*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| GLOBALFOUNDRIES U.S. INC., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:23-cv-3348 (KMK) (AEK) |
| INTERNATIONAL BUSINESS | ) |
| MACHINES CORPORATION | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Rapidus US, LLC
         c/o Cogency Global Inc., 850 New Burton Road Suite 201, Dover, DE 19904
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: M-F Reporting, Inc. (Attn: Corey Calabrese)  9 Washington Square, 2nd Floor  Washington Avenue Extenion, Albany, NY 12205 | Date and Time:   01/31/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/16/2024

         *CLERK OF COURT*
                                              OR        *Corey Calabre*
    _____              _____
    *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   GlobalFoundries
_____ , who issues or requests this subpoena, are:

Corey Calabrese, 1271 Avenue of the Americas, New York, NY 10020, corey.calabrese@lw.com, (212) 906-1200

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:23-cv-3348 (KMK) (AEK)

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

Case 1:24-mc-00654-JAO-WRP    Document 1-6    Filed 11/15/24    Page 6 of 21

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "Communication" shall have the meaning set for in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

2.      "Document" shall have the meaning set forth in Rule 26.3 of the Local Rules of the United States District for the Southern District of New York.

3.      "GF" or "Plaintiff" means GlobalFoundries U.S. Inc. including its parent, predecessors, successors, subsidiaries, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, employees, engineers, scientists, or any other person acting on its behalf.

4.      "IBM" means International Business Corporation, as well as its respective parents, predecessors, successors, subsidiaries, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, employees, engineers, scientists, or any other person action on its/their behalf.

5.      "IBM Licensed Technology" shall have the same meaning as in the Master Agreement.

6.      "IBM-Rapidus Agreements" means the Master Agreement, Amendment No. 1 to the Master Agreement, the Patent Assignment Agreement (L220866A) between IBM and Rapidus dated December 8, 2022, the Patent License Agreement (L220866B) between IBM and Rapidus dated December 8, 2022, and the Agreement for Exchange of Confidential Information dated September 7, 2022.

7.      "IBM-Rapidus Partnership" means the joint development partnership between IBM and Rapidus that is referenced in both companies' December 2022 announcements[1] and memorialized in the IBM-Rapidus Agreements, in which Rapidus plans "to advance logic scaling technology as part of Japan's initiatives to become a global leader in semiconductor research, development, and manufacturing" by "leverage[ing] IBM's decades of expertise in semiconductor research and design."

8.      "Master Agreement" means the Master Joint Development & Technology Licensing Agreement between IBM and Rapidus dated December 8, 2022 and Amendment No. 1 thereto dated October 11, 2023.

9.      "Rapidus" means Rapidus Corporation as well as any other of its respective parents, predecessors, successors, subsidiaries, divisions, directors, officers, principals, trustees, agents, representatives, consultants, attorneys, employees, engineers, scientists, or any other person action on its/their behalf, including but not limited to Rapidus US, LLC.

10.      "Rapidus Employees" means the Rapidus employees assigned to work on the IBM-Rapidus Partnership, including but not limited to the individuals listed in Exhibit A hereto.

11.      "Thing" shall have the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure including, without limitation, any tangible object of any kind and nature.

12.      "You," "Your," or "means Rapidus.  As used herein, "You" and "Your" shall be construed either disjunctively or conjunctively, as necessary by the context, to bring within the

---

[1]      *IBM and Rapidus Form Strategic Partnership to Build Advanced Semiconductor Technology and Ecosystem in Japan*, https://www.rapidus.inc/news_topics/information/ibm-and-rapidus-form-strategic-partnership-to-build-advanced-semiconductor-technology-and-ecosystem-in-japan/; https://newsroom.ibm.com/2022-12-12-IBM-and-Rapidus-Form-Strategic-Partnership-to-Build-Advanced-Semiconductor-Technology-and-Ecosystem-in-Japan.

scope of the definition, instruction, or request all responses that might otherwise be construed to be outside of its scope by any other construction.

13.    "And" and "or" shall have the meanings set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

14.    "All," "any," and "each" shall have the meanings set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

15.    As set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, the use of the singular form of any word includes the plural form of the same and vice versa.

16.    The use of any tense of any verb includes within its meaning all other tenses of that verb.

## **INSTRUCTIONS**

1.    The Requests herein cover all Documents and Communications within Rapidus's possession, custody, or control, regardless of whether they are currently in Rapidus's possession, including, but not limited to, all Documents within the possession, custody, or control of Persons acting on Rapidus's behalf or at Rapidus's instruction.

2.    For any requested Document or Communication no longer in Rapidus's possession, custody, or control, state what disposition was made of the Document and the date of such disposition and identify all Persons having knowledge of the Document's contents.  For any requested Document that has been destroyed, state what Document has been destroyed, when the Document was destroyed, why it was destroyed, and all Persons who participated in or were involved in making the decision to destroy it.

3.    If any portion of a Document or Communication is responsive to any Request, the entire Document shall be produced.

4.      Answer each Request separately and fully, unless it is objected to, in which event the reason(s) for the objection(s) should be specifically and separately stated. For any objection to a part of a Request, Rapidus must produce all Documents responsive to the part of the Request to which it did not object.

5.      Produce Documents or Communications as they are kept in the usual course of business.

6.      If any Request calls for a Document or Communication for which Rapidus claims any privilege or work product protection for all or any portion of such Document or Communication, provide a privilege log unless the parties agree otherwise.

7.      The Requests should be produced in the manner prescribed in Schedule B hereto, or in other such form as the parties agree.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show Rapidus's founding, organization, financing and strategic plans as described in the November 11, 2022 *eeNews* article by Peter Clarke titled "Consortium forms Rapidus to get Japan back into chip race at 2nm,"[2] including documents sufficient to show the estimates of "the amounts of funding . . . [required] to establish a full-fledged advance chip manufacturer with a road-map to future technology" without the IBM technology as stated in the above article.

---

[2]  *See* https://www.eenewseurope.com/en/consortium-forms-rapidus-to-get-japan-back-into-chip-race-at-2nm/#:~:text=A%20consortium%20of%20eight%20Japanese%20companies%20have%20formed,Economy%2C%20Trade%20and%20Industry%2C%20on%20Friday%2C%20November%2011.

**REQUEST FOR PRODUCTION NO. 2:**

Documents and Communications, excluding Documents and Communications that Rapidus sent to or received from IBM, concerning Rapidus's decision to enter into the IBM-Rapidus Agreements, negotiation of their terms, and consideration of other alternatives or options, if any, and evaluation or analysis of the value of the IBM-Rapidus Agreements to Rapidus.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Communications sufficient to show Rapidus's assessment or evaluation, including but not limited to the technical merit and value, of the IBM Licensed Technology, as that term is defined in the Master Agreement, and how that information informed (i) Rapidus's decision to enter into the IBM-Rapidus Agreements and (ii) the amount of compensation Rapidus was willing to pay IBM in connection with the IBM-Rapidus Agreements.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the expected time and research and development costs that Rapidus expected to save through the IBM-Rapidus Partnership for the development of the technology identified in Project Agreement Nos. 1 and 2 to the Master Agreement, including but not limited to the analysis of the time and costs of alternate options, if any, considered by Rapidus in lieu of the IBM-Rapidus Partnership.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, Communications and Things relating to the business opportunity associated with the IBM-Rapidus Partnership, including but not limited to analysis of the target market(s) and competitors, projections of capital requirements, estimated time to market, projected revenue, costs, profits and cash flow, projected return on investment analyses, strategic plans, business planning and timelines, and strengths, weaknesses, opportunities, and threats ("SWOT") analyses.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and Communications sufficient to show whether and to what extent the consideration Rapidus agreed to pay IBM for the IBM Licensed Technology was offset or reduced based on the value of Rapidus Licensed Technology, as that term is defined in the IBM-Rapidus Agreements.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to (1) identify any party other than IBM with whom Rapidus has shared any IBM Licensed Technology and (2) the IBM Licensed Technology shared with each such party.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, Communications, and Things containing or relating to any IBM Licensed Technology distributed to Rapidus Employees visiting and/or working at the Albany Nanotech Complex.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents, Communications, and Things containing or relating to any IBM Licensed Technology viewed and/or created by Rapidus Employees while visiting and/or working at the Albany Nanotech Complex.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents, Communications, and Things, containing or relating to the IBM Licensed Technology that IBM provided to Rapidus as part of "IBM's Responsibilities" identified in Section 4.1 of Appendix A and Section 4.1 of Appendix A2 to the Master Agreement.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications and Things, including but not limited to presentations, forecasts or projections, business plans, valuations, strategic plans or other planning Documents from September 1, 2022 to the present related to the IBM Licensed technology or any derivative

products. This would include documents prepared by Rapidus internally, or prepared by any third party at the direction of Rapidus. These documents should be sufficient to show the benefits, monetization, distribution, use, or intended use of the IBM Licensed Technology both within Rapidus and for its consortium of companies including but not limited to Toyota, Sony, Softbank, Denso, Kioxia, MUFG Bank, NEC, and NTT.[3]

**REQUEST FOR PRODUCTION NO. 12:**

Documents and Communications, excluding Documents and Communications that Rapidus sent to or received from IBM, that refer to GF, GF's business, or GF's relationship with IBM, including but not limited to any written or oral contention, proposal, suggestion, statement, analysis, or other thing discussing whether the IBM Licensed Technology infringes or misappropriates any of GF's intellectual property rights.

**REQUEST FOR PRODUCTION NO. 13:**

Documents and Communications, excluding Documents and Communications that Rapidus sent to or received from IBM, concerning any indemnification that Rapidus has sought, intends to seek, is considering seeking, or has considered and decided against seeking, from IBM relating to GF's claim in the underlying action pursuant to Sections 9.4.3 and 9.4.4 of the Master Agreement.

**REQUEST FOR PRODUCTION NO. 14:**

All non-privileged Documents and Communications related to GF's April 20, 2023 letter to Rapidus regarding this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:**

A copy of any common interest agreement between IBM and Rapidus.

---

[3] *See id.*

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications and Things relating to actual or planned semiconductors, manufacturing tools, or related products, that incorporate, or contemplate incorporating, IBM Licensed Technology, or Technologies developed in or out of the IBM-Rapidus Partnership, such as may be identified in technology roadmaps, business plans and forecasts, product plans, actual or draft product specifications, marketing materials, customer lists and correspondence.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications and Things that define, describe, assess, or comment on the actual or potential market for the IBM Licensed Technology or any derivative products including, but not limited to, factors such as market size, forecasts or projections of market growth, market penetration, etc.

**REQUEST FOR PRODUCTION NO. 18:**

All Rapidus annual and quarterly reports, income statements, balance sheets, and statements of cash flow on a monthly, quarterly, and annual basis (both audited and unaudited as well as both an overall and segment basis) and reports to the government of Japan from inception to the present.

## EXHIBIT A

**Appendix A**

| | | |
|---|---|---|
| Yutaka Tanigawa | Yuki Kawabe | Kazuhiro Kagawa |
| Osamu Sugaya | Hirotaka Takatsuka | Makoto Shinde |
| Nobuharu Yokoyama | Yugo Osano | Motohiro Takiguchi |
| Yosuke Nosho | Noriaki Imai | Shuichi Miyata |
| Manabu Oie | Nobuyoshi Sato | Shigehiro Fujino |
| Tatsuya Usami | Noboru Takeuchi | Viswanath Pamarti |
| Atsunobu Isobayashi | Koki Tsuruaki | Yasuhiro Isobe |
| Yoshiki Nakashima | Yukihisa Nakao | Yusuke Oniki |
| Kazuyuki Tomida | Naoshi Ishikawa | Eiji Tsujimoto |
| Yuzo Fukuzaki | Takeshi Shibagaki | Minoru Ochiai |
| Mutsunori Igarashi | Masakuni Kinoshita | Tomo Hasegawa |
| Akio Nakamura | Junichi Hirotsu | Naoto Yonemaru |
| Nobuharu Yokoyama | Tadao Yasuzato | Takuya Masunaga |
| Naotaka Kamishita | Mitsunari Sukegawa | Yoshinobu Tanaka |
| Akihisa Iwasaki | Satoshi Sekine | Yoshihiro Teno |
| Futoshi Hayashida | Akio Nakamura | Eisuke Narita |
| Akio Nakamura | Tadateru Yatsuo | Naomu Kitano |
| Tetsuri Matsuki | Kento Narutani | Ken Hoshino |
| Taro Shiokawa | Hiroki Sasaki | Kei Date |
| Makoto Ueda | Yuta Mizukami | Kouta Onogi |
| Masashi Kanaoka | Shohei Kawamoto | Akio Koyama |
| Toshiyuki Iwamoto | Takahiro Sasaki | Masayuki Suganuma |
| Kota Takahashi | Toshihiro Shoyama | Jin Kudoh |
| Shingo Nakazawa | Hiroshi Miki | Shiji Orimo |
| Susumu Iida | Yuji Murakami | Yoshihiro Tenoh |
| Yuki Kawabe | Yoshimitsu Kawagoe | Kenji Noda |
| Kiyohito Mukai | Akiko Iwaya | Takuya Maetani |
| Tadao Yasuzato | Motohiroo Takiguchi | Tsuyoshi Nakane |
| Tomohiro Hirai | Naoto Yonemaru | Atsuo Shimizu |
| Kenji Okada | Hiroyuki Mizuno | Mitsuya Ishida |
| Satoshi Shimamoto | Jun Nagayama | Hiroshi Hattori |
| Yutaka Moriyama | Yosuke Tomita | Takao Enomoto |
| Yuichiro Sasaki | Shinji Orimo | Shu Ikeda |
| Ken Hoshino | Kazuhiro Nishijima | Masaharu Kobayashi |
| Motoaki Tanizawa | Muneyuki Omi | Masayuki Suganuma |
| Jin Kudo | Shintaro Okujo | Yasumitsu Orii |
| Hiroshi Hattori | Yoshihiro Teno | Atsuyoshi Koike |
| Kenichi Takehana | Akiko Iwaya | Kazunari Ishimaru |
| Takashi Yokoyama | Hyunchul Kang | Rihito Kuroda |
| Tomonori Futai | Shintaro Okamoto | |
| Kenji Matsuda | Tetsuo Fujii | |
| Koichi Urabe | Yeongjin Kim | |
| Satoshi Tanida | Hiroshi Abe | |

11

Seiji Matsuyama          Hiroyuki Toshima


**Appendix B**

| | | |
|---|---|---|
| Yutaka Tanigawa | Nobuyoshi Sato | Shuichi Miyata |
| Yuzo Fukuzaki | Satoshi Shimamoto | Yuta Mizukami |
| Tomonori Futai | Taro Shiokawa | Hiroyuki Mizuno |
| Hiroshi Hattori | Kota Takahashi | Yuji Murakami |
| Ryuichiro Hattori | Tamae Takahashi | Jun Nagayama |
| Futoshi Hayashida | Hirotaka Takatsuka | Akio Nakamura |
| Tomohiro Hirai | Noboru Takeuchi | Takeshi Nakane; |
| Junichi Hirotsu | Satoshi Tanida | Eisuke Narita; |
| Susumu Iida | Kazuyuki Tomida | Kento Narutani |
| Noriaki Imai | Koki Tsurusaki | Kazuhiro Nishijima |
| Naoshi Ishikawa | Makoto Ueda | Shintaro Okamoto |
| Atsunobu Isobayashi | Koichi Urabe | Shintaro Okujo |
| Akihisa Iwasaki | Tatsuya Usami | Muneyuki Omi |
| Naotaka Kamishita | Nobuharu Yokoyama | Yusuke Oniki |
| Masashi Kanaoka | Takashi Yokoyama | Kouta Onogi |
| Yuki Kawabe | Hiroshi Abe | Shinji Orimo |
| Atsuyoshi Koike | Kei Date | Viswanath Pamarti |
| Jin Kudo | Tetsuo Fujii | Takahiro Sasaki |
| Rihito Kuroda | Shigehro Fujino | Hiroki Sasaki |
| Kenji Matsuda | Ken Hoshino | Satoshi Sekine |
| Tetsuri Matsuki | Kazunari Ishimaru | Makoto Shinde |
| Seiji Matsuyama | Yasuhiro Isobe | Toshihiro Shoyama |
| Yutaka Moriyama | Akiko Iwaya | Mitsunari Sukekawa |
| Yukihisa Nakao | Kazuhiro Kagawa | Motohiro Takiguchi |
| Yoshiki Nakashima | Hyunchul Kang | Yoshinobu Tanaka |
| Shingo Nakazawa | Yoshimitsu Kawagoe | Yoshihiro Teno |
| Yosuke Nosho | Shohei Kawamoto | Yosuke Tomita |
| Manabu Oie | Yeongjin Kim | Hiroyuki Toshima |
| Kenji Okada | Naomu Kitano | Tetsuya Yamasaki |
| Yugo Osano | Masaharu Kobayashi | Tadao Yasuzato |
| Mayumi Rice | Takuya Masunaga | Tadateru Yatsuo |
| Yuichiro Sasaki | Hiroshi Miki | |

## <u>SCHEDULE B – PRODUCTION FORMAT PROTOCOL</u>

A. **Image Files.** Document images shall be produced in a single-page Group IV tagged image file format (TIFF) with at least 300 DPI print setting. Documents containing color may but do not need to be produced in single-page color JPEG format initially. Each image shall have a unique file name, which is the Bates/control number of the document. Original document orientation shall be maintained *(i.e.,* portrait to portrait and landscape to landscape). Images shall reflect all data, including track changes, comments, and speaker notes, that would otherwise be visible to the reader using the native software that created the document.

B. **Color.** If an original document contains color necessary to understand the meaning or content of the document, You shall honor reasonable requests for a color image and/or native file of the document. Color images should be produced in single-page JPEG format.

C. **Text Files.** For each document, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the Bates/control number of the first page of the document. Text must be extracted directly from the native electronic file unless the document was redacted, an image file, or a hard copy file. In these instances, a text file created using optical character recognition (OCR) will be produced in lieu of extracted text.

D. **Native Files.** Unless redacted or for some other good cause, spreadsheets, audio or video media files, documents with embedded media files, or any other files that lose significant information and meaning if produced as an image shall be produced in native format. Any files that are produced in native format shall be produced with a Bates-numbered TIFF image slip-sheet stating the document has been produced in native format, as well as all extracted text and applicable metadata set forth in Paragraph S.

E. **Hard Copy Documents.**

    1. **OCR Acquired Text Files.** When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing", "auto-rotation" and the like should be turned on when documents are run through the process.

    2. **Unitizing of Documents.** In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records *(i.e.,* paper documents should be logically unitized). In the case of an organized compilation of separate documents - for example a binder containing several separate documents behind numbered tabs - the documents behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in proper coding of the beginning and ending document and attachment fields.

F. **Load files.** Except where noted in section (L) below, all Electronically Stored Information ("ESI") is to be produced in electronic format, with file suitable for loading into a compatible litigation support review database. All productions will include both image and

metadata load files.

1.      **Delimited Text File**:  A delimited text file (.DAT or .CSV) containing the fields listed in Paragraph S should be provided.  The delimiters for the file can be Concordance defaults, but defined delimiters are acceptable:

- Comma - ASCII character 20 ( )
- Quote -  ASCII character 254 (þ)
- Newline - ASCII character 174 (®)

2.      **Image Cross-Reference File (Load File)**:  The Image cross-reference file (.OPT) is a comma delimited file consisting of six fields per line. There must be a line in the cross-reference file for every image in the database.  The format for the file is as follows:

ImageID,VolumeLabel,ImageFilePath,DocumentBreak,PageCount

- **ImageID**: The unique designation used to identify an image. This should be the Bates number of the document.
- **VolumeLabel**: The name of the volume.
- **ImageFilePath**: The full path to the image file.
- **DocumentBreak**: If this field contains the letter "Y," then this is the first page of a document. If this field is blank, then this page is not the first page of a document.
- **PageCount**: Number of pages in the document.

Sample Data:

CNTRL00000001,VOL001,\IMAGES001\CNTRL00000001.TIF,Y,,,1

CNTRL00000002,VOL001,\IMAGES001\CNTRL00000002.TIF,Y,,,2

CNTRL00000003,VOL001,\IMAGES001\CNTRL00000003.TIF,,,,

CNTRL00000004,VOL001,\IMAGES001\CNTRL00000004.TIF,Y,,,4

CNTRL00000005,VOL001,\IMAGES001\CNTRL00000005.TIF,,,,

CNTRL00000006,VOL001,\IMAGES001\CNTRL00000006.TIF,,,,

CNTRL00000007,VOL001,\IMAGES001\CNTRL00000007.TIF,,,

G.      **De-Duplication.**  ESI shall be e-duplicated globally across all custodians and data sources (both vertically or horizontally).  Hard copy documents should not be de-duplicated.  All custodians who were in possession of a de-duplicated document must be identified in the CUSTODIANS_ALL metadata field (*see* Paragraph S).  Exact duplicate documents shall only be identified based on individual document MD5 or SHA-1 hash values only. However, removal of duplicate documents shall be done at the family level (e.g., a standalone document shall not be removed if it has the exact duplicate as part of an Email family.)  All Blind Copyees (BCC) recipient names that would have been provided in the

14

BCC metadata field but are now excluded because of de-duplication must be identified in the BCC metadata field (*see* Paragraph S). As part of rolling productions of documents or other ESI, You shall provide supplement load files, which should include updated CUSTODIANS_ALL, FILEPATHS_ALL, and BCC metadata (if requested).

**H.**     **Redaction.**  If a file that originates in ESI needs to be redacted before production, the file will be rendered in TIFF, and the TIFF will be redacted and produced. ESI that does not render well (e.g., spreadsheets) or cannot be rendered in mage format (e.g., audio files) can be redacted in native format. You will provide searchable text for those portions of the document that have not been redacted.

**I.**     **Metadata Fields and Processing.**  Each of the metadata and coding fields set forth in Paragraph S that can be extracted from a document shall be produced for that document. You are not obligated to populate manually any of the fields in Paragraph S if such fields cannot be extracted from a document, with the exception of the BATES-related, PRODVOLID, CUSTODIAN, CUSTODIANS_ALL, and TIMEZONE fields, which shall be populated by You.

**J.**     **System Files.**  Common system and program files need not be processed, reviewed or produced.

**K.**     **Email.**  Email shall be collected in a manner that maintains reliable email metadata and structure. Whenever possible, email shall be collected from Your email store or server. Metadata and "header fields" shall be extracted from email messages. Unless otherwise agreed, Email collections shall include calendar meetings and appointments.

**L.**     **Embedded Objects.**  Non-image files embedded within documents, such as spreadsheets within a PowerPoint, will be extracted as separate documents and treated like attachments to the document in which they were embedded. Graphic objects embedded within documents or emails, such as logos, signature blocks, and backgrounds need not be extracted as separate documents.

**M.**     **Compressed Files.**  Compression file types (*e.g.,* .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a manner that ensures a container within a container is decompressed into the lowest uncompressed element resulting in individual files. The container file itself shall not be produced.

**R.**     **Password-Protected Files.**  Password-protected or otherwise encrypted documents must be produced in decrypted format. You must make an attempt to unlock the document prior to production. If You are unable to decrypt a document using reasonable standard forensic techniques, You shall retain a listing of such documents.

**S.**     **Requested Metadata Fields**.

| FIELD NAME | TYPE | DESCRIPTION | EXAMPLE / FORMAT |
|---|---|---|---|
| PRODBEGBATES | All | The production Bates number associated with the first page of a document. | ABC00000001 |
| PRODENDBATES | All | The production Bates number associated with last page of a document. | ABC00000003 |
| PRODBEGATTACH | All | The production Bates number associated with the first page of the parent document. | ABC00000001 |
| PRODENDATTACH | All | The production Bates number associated with the last page of the last attachment in the document family. | ABC00000008 |
| PRODVOLID | All | Production volume name. | ABC-VOL-001 |
| PGCOUNT | All | Total number of pages for a document. Slipsheets will indicate one (1) page. | 25 |
| CUSTODIAN | All | The name of the first-processed custodian or data source the files belong to. For persons, this field should be populated as last name, first name. | Doe, John |
| CUSTODIANS_ALL | All | All custodians who were in possession of a de-duplicated document. This field should be populated as last name, first name and separated by semicolons for additional Custodians. | Doe, John; Doe, Jane |
| RECORD_TYPE | All | The record typing indicating whether the document is an email, email attachment, email attachment (email) [for attachments that are emails], E-Doc, or E-Doc Attachment, Hard Copy, or similar designations. | Email |
| FILE_EXTENTION | All | The file extension of a document. | docx |
| FILE_NAME | All | The file name of a document. | Document_Name.xls |
| EMAIL_SUBJECT | Email | The subject of an email. | Re: resume |
| DOC_TITLE | E-Files | The extracted document title for a loose file or attachment. | Resume.docx |
| DOC_AUTHOR | E-Files | The author of a document from entered metadata. | John Doe |
| EMAIL_FROM | Email | The email address and name of the person sender in the FROM field of every email metadata. | John Doe <jdoe@acme.com> |
| EMAIL_TO | Email | The email addresses and names of the recipients in the TO field of the email. Multiple email addresses and names should be separated by semicolons. | Jane Smith <jsmith@acme.com |
| EMAIL_CC | Email | The email addresses and names of the recipients in the CC field. Multiple email addresses and names should be separated by semicolons. | Bob Johnson <bjohnson@acme.com>; Sally May |

| | | | <smay@acme.com> |
|---|---|---|---|
| EMAIL_BCC | Email | The email addresses and names of the recipients in the BCC field. Multiple email addresses and names should be separated by semicolons. | John Doe <jdoe@acme.com> |
| DATESENT | Email | The date when an email was sent. | MM/DD/YYYY |
| DATESENT_TIME | Email | The time an email was sent. | HH:MM:SS |
| DATERECEIVED | Email | The date an email was received. | MM/DD/YYYY |
| DATERECEIVED_TIME | Email | The time an email was received. | HH:MM:SS |
| DATELASTMOD | E-Files | The date a document was last modified. | MM/DD/YYYY |
| DATELASTMOD_TIME | E-Files | The time the document was last modified. | HH:MM:SS |
| DATECREATED | E-Files | The date the document was created. | MM/DD/YYYY |
| DATECREATED_TIME | E-Files | The time the document was created. | HH:MM:SS |
| FILESIZE | All | The size of the file in kilobytes (KB) including embedded attachments. | 125256 |
| TIMEZONE | All | The time zone the document was processed in. | PST, CST, EST, etc. |
| FILEPATH | All | The original file path to the source location of the native file in original environment (e.g., local folder, network folder, email folder, or files and/or mail store, etc.). The file path should be prepended with the Custodian name. | \Doe_Jane\My_docs\resume.docx |
| HASH | All | The MD5, SHA, or similar "de-duplication key" hash value assigned to a document during processing. | 9CE469B8DFAD1058C3B1E745001158EA |
| REDACTED | All | Identifies whether a document is redacted. | Yes or Blank |
| CONFIDENTIALITY | All | Identifies a document's confidentiality designation. | Highly Confidential |
| NATIVELINK | All | The relative path to a native copy of a document. The native file should be named per the control number or Bates number, if the document is produced. | \NATIVES\001\ABC00000001.xlsx |
| TEXTLINK | All | The relative path to a text file containing extracted OR OCR text of the document. The Text file should be named per the control number or Bates number, if the document is produced. | \TEXT\001\ABC0000000 01.txt |