# EXHIBIT 7

**Clement J. Naples**
Direct Dial: +1.212.906.1331
clement.naples@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

August 6, 2024

**VIA ECF**

Hon. Andrew E. Krause, U.S.M.J.
U.S. District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4146

Dear Judge Krause:

Pursuant to ECF No. 20, GF submits this reply in support of its motion to compel.

### A. Mr. Fukuzaki's Declaration Supports GF's Position

In its Opposition, Rapidus US relies on a declaration from its "Research Fellow," Mr. Yuzo Fukuzaki. If accepted, his statements support granting GF's motion. Mr. Fukuzaki reveals that Rapidus US was created specifically so that it and Rapidus Japan could share information and personnel to enable Rapidus Japan to learn semiconductor manufacturing from IBM. ECF No. 18 ¶ 7. He acknowledges that Rapidus US was formed to "strategize" with Rapidus Japan "based on their shared business interests and goals," *id.*, and that Rapidus US and Rapidus Japan routinely "exchang[e] information" and "provide useful and mutually beneficial input to each other." *Id.* ¶ 10. Those assertions squarely refute any suggestion that Rapidus US cannot obtain responsive documents from Rapidus Japan. It can, and should promptly produce responsive documents.[1]

Mr. Fukuzaki's declaration supports GF's position in other ways as well. ***First***, Mr.

---

[1] Indeed, Rapidus Japan personnel began relocating in April 2023 (ECF No. 18 ¶ 6) to "work at the Albany Nanotech Complex side by side with IBM personnel" to learn "semiconductor prototyping." *Id.* ¶ 5. The plan is then for "Rapidus Japan to use prototyping information developed in connection with Rapidus US's work," in order to jump start Rapidus Japan's new semiconductor fab in April 2025. *Id.* Accordingly, it is no surprise that Rapidus US and Rapidus Japan together address "changes that would impact the overall development schedule . . . because such impacts could affect Rapidus Japan's business plans." *Id.* ¶ 7.

Case 7:24-mc-00292-KMK-AEK   Document 21   Filed 08/06/24   Page 2 of 5
Case 1:24-mc-00654-JAO-WRP   Document 1-10   Filed 11/15/24   Page 3 of 6
PageID.183

Page 2

LATHAM&WATKINS LLP

Fukuzaki's declaration confirms Rapidus US has its own documents (separate from Rapidus Japan) located in the U.S. that are responsive and should be produced. *See, e.g.*, ECF No. 18 ¶ 6 ("Rapidus US began distinct operations from Rapidus Japan, and it has become more distinct and separately managed as time has gone on."); ¶ 7 ("Rapidus US's day-to-day management and operational decisions are made by Rapidus US personnel located in the U.S."). Rapidus US documents are not subject to any international treaty (e.g., the U.S.-Japan Bilateral Consular Convention) because Rapidus US is a Delaware corporation. Those documents should be produced without delay.

Rapidus US's three cited cases cannot support withholding discovery. Opp. at 4-5. Each is inapt because it involves parties seeking discovery from, or asserting jurisdiction over, a foreign company—not a U.S. corporation like Rapidus US. *See Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110, 2015 WL 5782351, at *7 (N.D. Cal. Oct. 5, 2015) (discovery from Japanese corporation); *Jazini v. Nissan Motor*, 148 F.3d 181, 184-85 (2d Cir. 1998) (personal jurisdiction for a Japanese corporation); *Hake v. Citibank*, No. 19-mc-00125, 2020 WL 1467132, at *6-8 (S.D.N.Y. Mar. 26, 2020) (discovery from foreign corporations).[2]

**Second**, Rapidus US has access to Rapidus Japan's documents. Although Rapidus US relies on Mr. Fukuzaki's declaration to argue that it lacks "possession, custody or control of," or the "ability to demand," documents from Rapidus Japan, it is not enough to merely declare a lack of control. Opp. at 4 (citing ECF No. 18 ¶¶ 7-12). A long line of controlling Second Circuit cases requires inquiry into whether Rapidus US has the "ability to demand" documents from Rapidus Japan (it does), and whether: (i) Rapidus US has access to the documents sought, (ii) documents

---

[2] Rapidus US's attempt to distinguish *Hunter Douglas, Inc. v. Comfortex Corp.* on the basis that Canadian discovery is governed by the Hague Convention, not the U.S.-Japan Bilateral Consular Convention, fails for the similar reason that GF is attempting to conduct discovery in the U.S., not Japan. Opp. at 3-4.

Case 7:24-mc-00292-KMK-AEK   Document 21   Filed 08/06/24   Page 3 of 5
Case 1:24-mc-00654-JAO-WRP   Document 1-10   Filed 11/15/24   Page 4 of 6
PageID.184

"flow freely" between Rapidus US and Rapidus Japan, or (iii) Rapidus US can "easily obtain" such documents when it has an interest in doing so. *See Doe Run Peru S.R.L. v. Trafigura AG*, No. 11-mc-77, 2011 WL 13059042, at *2 (D. Conn. Aug. 24, 2011) (collecting cases). All conditions are met here. Neither Rapidus US nor Mr. Fukuzaki disputes that (i) Rapidus US has access to Rapidus Japan's documents, (ii) documents flow freely between them, or (iii) Rapidus US can easily obtain such documents when in its interest—in fact, Mr. Fukuzaki admits that Rapidus US may seek "technical input from Rapidus Japan," which will be provided when sharing such information would be "beneficial." ECF No. 18 ¶ 12; *see also id.*, ¶¶ 6-8, 10.

***Third***, Rapidus US cites Mr. Fukuzaki's declaration to contend that GF's subpoena seeks "virtually every substantive document that Rapidus has."[3] Opp. at 4. Not so. This Rapidus US argument only addresses RFP 16, and fails to allege that RFPs 2-4, 6, 8-9, 11-12, and 17 are overbroad or unduly burdensome (they are not). *See id*. And, contrary to Rapidus US's assertion, RFP 16 only seeks documents relating to Rapidus's "actual or planned semiconductors, manufacturing tools, or related products" (information that IBM undisputedly lacks) "that incorporate, or contemplate incorporating, IBM Licensed Technology, or Technologies developed in or out of the IBM-Rapidus Partnership"—all of which ties directly to GF's misappropriated trade secrets, as defined in the relevant IBM-Rapidus contracts. As GF explained (Mot. at 6), what a third party such as Rapidus US did (or plans to do) with misappropriated trade secrets is discoverable.[4] *See, e.g.*, *BLST Northstar, LLC v. Atalaya Capital Mgmt. LP*, No. 24-mc-66, 2024

---

[3] Based on Mr. Fukuzaki's declaration, Rapidus US also makes the uncolorable claim that producing responsive documents would cost Rapidus ***$262 million***. Opp. at 7. Rapidus US never shared this number with GF and this hyperbolic assertion is neither supported nor credible.

[4] GF never "refused" (Opp. at 10) to limit its RFPs to documents not available from IBM. Certain RFPs (e.g., 2 and 12) expressly exclude documents sent to/from IBM (ECF No. 15-1), and GF has offered to limit its other requests to exclude documents within IBM's possession. Mot. at 4-7.

Case 7:24-mc-00292-KMK-AEK   Document 21   Filed 08/06/24   Page 4 of 5
Case 1:24-mc-00654-JAO-WRP   Document 1-10   Filed 11/15/24   Page 5 of 6
                             PageID.185

Page 4

WL 2279195, at *4 (S.D.N.Y. Mar. 12, 2024). Rapidus cites no case holding otherwise.

### B. Rapidus Cannot Avoid Discovery By Claiming No Misconduct

Rapidus US contends (without legal citation) that it need not produce responsive documents because "GF's pleadings do not allege any misconduct by Rapidus." Opp. at 7. That argument fails on the facts and law. First, whether Rapidus US itself engaged in misconduct is legally irrelevant to whether Rapidus US must comply with its discovery obligations—Rapidus US must. *See* FED. R. CIV. P. 26(b)(1), 34, 45; *Zinter Handling, Inc. v. Gen. Elec. Co.*, No. 04-cv-500, 2006 WL 3359317, at *4 (N.D.N.Y. Nov. 16, 2006). Second, this carefully parsed assertion about the "pleadings" ignores subsequent correspondence in which GF outlined in detail for Rapidus US the extent of IBM's misappropriation and Rapidus US's role in the misconduct.

### C. GF's Damages Theories Are Not "Hypothetical"

Rapidus US contends it can withhold relevant documents because GF's damages theories are "hypothetical." Opp. at 8. Here, too, Rapidus US is wrong on the facts and law. First, each RFP is grounded in at least one established damages theory—i.e., actual loss, unjust enrichment, and reasonable royalty—expressly permitted by the DTSA, 18 U.S.C. § 1836. *Compare* Mot. at 4-7 *with GlobalFoundries U.S. Inc. v. Int'l Bus. Mach. Corp.*, No. 23-cv-03348 (S.D.N.Y.), ECF No. 363 at 1-5. Second, although Rapidus US concedes that "GF need not make any final decisions now about how it will prove damages," Opp. at 9, Rapidus US appears to believe that it can withhold from discovery any evidence that might support a damages theory it does not like. This is not the law. *See, e.g.*, *Aptargroup, Inc. v. 3M Co.*, No. 17-cv-6294, 2018 WL 11189351, at *1-2 (N.D. Ill. May 25, 2018) (granting motion to compel and declining to "prematurely decide which damages apportionment theory is appropriate in this case by restricting discovery of information that may be relevant to one such theory").

Case 7:24-mc-00292-KMK-AEK   Document 21   Filed 08/06/24   Page 5 of 5
Case 1:24-mc-00654-JAO-WRP   Document 1-10   Filed 11/15/24   Page 6 of 6
PageID.186

LATHAM&WATKINS LLP

                                                      Respectfully submitted,

                                                     */s/ Clement J. Naples*
                                                     Clement J. Naples

CC: All counsel of record (via ECF)